UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES GRAVES, | Case No. 2:24-cv-2642-JDP (P) |
| Petitioner, | |
| v. | ORDER |
| UNKNOWN, | |
| Respondent. | |

Petitioner, a state prisoner, brings this action under section 2254. ECF No. 1. The petition does not, as articulated, assert a viable federal habeas claim. Nor does it appear exhausted. I will dismiss the current petition and give petitioner an opportunity to amend and explain why this action should proceed. I will also grant petitioner's application to proceed *in forma pauperis*. ECF No. 5.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner advances a claim under California's Racial Justice Act and argues that he, and

1

other non-white prisoners, have received longer sentences than white convicts. ECF No. 1 at 3. The claim appears unsuitable to proceed for two reasons. First, petitioner indicates that he did not present the claim to the California Supreme Court, *id.* at 5, as he must have to exhaust it for federal purposes. *See Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) ("To exhaust a habeas claim properly, a petitioner must present his claim to the state supreme court even if that court's review is discretionary."). Second, the claim itself appears to invoke only state law and, thus, raise no colorable federal habeas claim. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.") (internal quotation marks omitted).

Rather than recommending dismissal of the case, I will dismiss the petition with leave to amend. Petitioner may file a new petition that addresses these deficiencies and explains why, if at all, his claim should proceed.

Accordingly, it is ORDERED that:

1. Petitioner's application to proceed *in forma pauperis*, ECF No. 5, is GRANTED.

2. The petition, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, petitioner shall file either (1) an amended petition or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended petition or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send petitioner a habeas petition form with this order.

IT IS SO ORDERED.

Dated:   February 28, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE