UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES GRAVES, | Case No. 2:24-cv-2642-JDP (P) |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE |
| UNKNOWN, | |
| Respondent. | |

On March 3, 2025, the court notified petitioner that his petition failed to state a claim. ECF No. 6. The court granted petitioner thirty days to file an amended petition. *Id.* To date, petitioner has not done so.

To manage its docket effectively, the court imposes deadlines and requires litigants to meet those deadlines. The court may dismiss a case based on petitioner's failure to prosecute or failure to comply with its orders or local rules. *See* Fed. R. Civ. P. 41; *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."). Involuntary dismissal is a harsh penalty, but the court has a duty to administer justice expeditiously and avoid needless burden for the parties. *See*

1

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

    Petitioner will be given a final opportunity to explain why the court should not dismiss his case for failure to file an amended petition. Petitioner's failure to respond to this order will constitute a failure to comply with a court order and will result in dismissal of this case. Accordingly, petitioner must show cause within twenty-one days of the date of entry of this order why the court should not dismiss his case for failure to state a claim, failure to prosecute, and failure to comply with a court order. Should petitioner wish to continue with this lawsuit, he shall also file, within twenty-one days, an amended petition for writ of habeas corpus.

IT IS SO ORDERED.

Dated:   April 9, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE